IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2020

**STATE OF TENNESSEE v. HARVEY LEE WEBSTER**

**Appeal from the Criminal Court for Davidson County
Nos. 2001-I-1273, 2003-B-851, 2003-A-169, 2003-C-1726
Cheryl A. Blackburn, Judge**

———————————————————

**No. M2019-02182-CCA-R3-CD**

———————————————————

Petitioner, Harvey Lee Webster, appeals the trial court's summary dismissal of his motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleges that his sentences are illegal because his concurrent sentences had to run consecutively because he was on probation at the time of the offenses. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ., joined.

Harvey Lee Webster, Nashville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.      Background**

Petitioner pled guilty on December 20, 2001, in Case No. 2001-I-1273 to aggravated burglary with a three-year sentence to be served as a Range I offender, suspended to probation. On February 7, 2003, a Davidson County Grand Jury returned an indictment against Petitioner in Case No. 2003-A-169 charging him with one count of theft of property valued at more than five hundred dollars but less than one thousand dollars. The offense was alleged to have occurred in January 2002. On May 8, 2003, a

Davidson County Grand Jury returned an indictment against Petitioner in Case No. 2003-B-851 charging him and his co-defendants with one count of especially aggravated kidnapping, one count of kidnapping, and two counts of aggravated robbery. The offenses were alleged to have occurred in October 2002. On May 28, 2003, the trial court sustained a probation violation in Case No. 2001-I-1273, and Petitioner's sentence was placed into effect. On August 1, 2003, a Davidson County Grand Jury returned an indictment against Petitioner in Case No. 2003-C-1726 charging him and his co-defendants with one count of aggravated burglary. The offense was alleged to have occurred in April 2003.

On April 19, 2004, Petitioner pled guilty to especially aggravated kidnapping and aggravated robbery in Case No. 2003-B-851, aggravated burglary in Case No. 2003-C-1726, and theft of property valued at more than five hundred dollars but less than one thousand dollars in Case No. 2003-A-169. Petitioner pled open with no agreement as to the sentence except that all sentences were to be served concurrently with each other. A sentencing hearing was held, and the trial court imposed an effective twenty-five-year sentence to be served concurrently to the sentence in Case No. 2001-I-1273 for which Petitioner was on probation when he committed those offenses. Petitioner did not appeal his sentence.

On July 1, 2005, Petitioner filed a petition for post-conviction relief alleging that his guilty plea was not knowingly, understandingly, and voluntarily entered due to the ineffective assistance of counsel. The post-conviction court denied the petition. In the post-conviction appeal, Petitioner also sought a delayed appeal of his sentences in Case No. 2003-B-851 arguing that the trial court improperly enhanced his sentence to twenty-five years for especially aggravated kidnapping and twelve years for aggravated robbery. *Harvey Lee Webster v. State*, No. M2006-00886-CCA-R3-PC, 2007 WL 1836092 (Tenn. Crim. App. June 27, 2007). This court affirmed the denial of post-conviction relief and also found that the record supported the trial court's imposition of an effective twenty-five-year sentence.

On September 3, 2019, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. He asserted that concurrent sentencing in his case was illegal because he was on probation for the offense committed in Case No. 2001-I-1273 when he committed the offenses in Case Nos. 2003-B-851, 2003-C-1726, and 2003-A-169. The motion was denied by the trial court for failing to state a colorable claim.

## II. Analysis

Petitioner argues on appeal that the trial court erred by summarily dismissing his motion to correct an illegal sentence for failure to state a colorable claim.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). That court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

In this case, Petitioner argues that his sentences should have been ordered to run consecutively instead of concurrently because he was on probation in Case No. 2001-I-1273 when he committed the offenses in Case Nos. 2003-B-851, 2003-C-1726, and 2003-A-169.

Tenn. R. Crim. P. Rule 32(c)(3) states that

[w]hen the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

(A) to a sentence for a felony committed while on parole for a felony;

(B) to a sentence for escape or for a felony committed while on escape;

(C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and

(D) for any other ground provided by law.

There is nothing in the language of Rule 32(c) that *mandates* the imposition of consecutive sentencing when a defendant commits a felony offense while on probation. A trial court has *discretion* to impose a consecutive sentence when a defendant is sentenced for an offense committed while on probation. T.C.A. § 40-35-115(b)(6); *see also Frederick O. Edwards v. State*, No. W2014-01463-CCA-R3-CD, 2014 WL 7432166 (Tenn. Crim. App. Dec. 30, 2014). Moreover, as stated by the trial court, "the requirement of consecutive sentences does not apply when a defendant already has pled guilty to the first charge and is on probation when he commits the subsequent offense." *See also State v. Terry Lee Adams*, No. W2015-00917-CCA-R3-CD, 2015 WL 9170819, at *1 (Tenn. Crim. App. Dec. 15, 2015); *State v. Michael Christopher Bigbee*, No. M2014-01999-CCA-R3-CD, 2015 WL 5968524, at *3 (Tenn. Crim. App. Oct. 14, 20150). Petitioner is not entitled to relief.

To the extent that Petitioner attempts to raise a variety of other issues related to sentencing, we agree with the State that these claims were not raised in the trial court and are waived for appellate review. *See Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983); *John W. Smith v. Wayne Brandon, Warden*, No. M2006-01042-CCA-R3-HC, 2006 WL 3290835, at *1 (Tenn. Crim. App. Nov. 3, 2006).

The trial court did not err in summarily dismissing the petition. We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

- 4 -